GENOVESE, J.,
concurs in part, dissents in part, and assigns the following reasons.
hi agree with the majority as to the jury verdict form to the extent that mental anguish, loss of love and affection, and loss of consortium are separate items of damage justifying a separate award for each on the jury verdict form provided there is sufficient evidence in the record proving same. I likewise agree with the majority as to the jury award for loss of financial support.
I disagree, however, with the majority’s affirmation of the $2,500,000.00 general damage award. The fact-finder, whether it be a judge or jury, is not at liberty to award whatever it wants as a general damage award. There are legal bounds and limitations (even on jury awards). As an errors court, the standard of reviewing a general damage award is abuse of discretion. Howard v. Union Carbide Corp., 09-2750 (La.10/19/10), 50 So.3d 1251. If the reviewing court finds an abuse of discretion, then the award must be increased or decreased to the highest or lowest reasonable amount based on similar prior awards and the evidence produced in support of the award. Id.
In the instant case, the jury awarded $2,500,000.00 in general damages for the wrongful death of a parent. This is more than threefold the highest amount ever awarded in this state for the wrongful death of a parent. Though I am fully | .¿cognizant and mindful of the heinous and horrific facts in this case, the law requires that such an award at least be somewhat in line with prior awards for the wrongful death of a parent. In my view, the jury award in this case must be reduced.
I also disagree with the majority’s fivefold increase in the jury’s award of punitive damages. There was no evidence in the record warranting such an increase; nor do I find that the jury abused its discretion in awarding $100,000.00 in punitive damages.
I would affirm the trial court’s ruling relative to the jury verdict form in providing for separate elements of damage for mental anguish, loss of love and affection, and loss of consortium. I would also affirm the jury awards for loss of financial support and punitive damages. Finally, I would amend the jury’s $2,500,000.00 general damage award by reducing it to $1,600,000.00, representing $500,000.00 for mental anguish, $800,000.00 for loss of love and affection, and $800,000.00 for loss of consortium.